IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **MISSISSIPPI PHOSPHATES CORP.** § | | **PLAINTIFF** |
| § | | |
| v. § | | **CAUSE NO. 1:06CV1218** |
| § | | |
| **ROB'T J. BAGGETT, INC.** § | | **DEFENDANT** |

<u>**ORDER DENYING MOTION TO REMAND**</u>

THE MATTER BEFORE THE COURT is Plaintiff's Motion to Remand [7], Defendant Rob't J. Baggett, Inc.'s response and Plaintiff's rebuttal. After due consideration of the submissions and the relevant law, it is the Court's opinion that the Plaintiff's Motion to Remand should be denied.

DISCUSSION

Plaintiff Mississippi Phosphates Corporation ("MPC"), a Delaware corporation doing business in Mississippi, brought breach of contract and related claims against Rob't J. Baggett, Inc. ("Baggett"), an Alabama corporation also doing business in Mississippi, in the Circuit Court of Jackson County, Mississippi. Baggett removed the case to this Court based on federal diversity jurisdiction, 28 U.S.C. § 1332. MPC seeks remand, arguing that Baggett, "by and through its filings with the Mississippi Secretary of State, holds itself out to the citizens of Mississippi as having its principal place of business in Pascagoula, Mississippi." Pl. Memo in Supp. of Mtn. to Remand, pg. 1. Thus, according to MPC, Baggett is a citizen of Mississippi, making the parties non-diverse. In support of its argument, MPC attaches a document maintained by the Mississippi Secretary of State showing that Baggett listed a Pascagoula, Mississippi address as its "principal office address" in its 2006 corporate annual report. Pl. Exh "A-2." MPC also shows that Baggett was listed in the most recent Pascagoula Yellow Pages. Pl.

Exh "A-3."

In response, Baggett notes that in addition to the Mississippi filings, it also filed reports with the Alabama Secretary of State listing its "principal address" as being in Mobile, Alabama. Def. Exh. "C" and "D." Further, both the Alabama and Mississippi reports list Alabama addresses for Baggett officers. Baggett also provides the affidavit of Allan Crow, Comptroller for Baggett. Def. Exh. "E." According to Mr. Crow, the Pascagoula office was "merely a shop where local construction work was conducted and minor administrative functions were performed" from 1999 to 2002. *Id.* The operation and administration of the corporation has at all times been in Alabama. *Id.*

The Court finds that there is complete diversity between the parties such that Baggett's removal was proper. The rule of corporate citizenship for diversity purposes is that "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business...." 28 U.S.C. § 1332©)(1). To determine a corporation's principal place of business, the court applies the "total activity" test, specifically considering "the location of the corporation's 'nerve center' and its 'place of activities.'" *Teal Energy USA, Inc. v. GT, Inc.,* 369 F.3d 873, 876 (5th Cir. 2004). Reviewing the evidence provided by the parties, it is clear that Baggett's "nerve center" and "place of activities" is Alabama, regardless of the fact that Baggett also maintained an office in Mississippi for a period of time. Further, the fact that Baggett does business in Mississippi and complies with Mississippi "domestication" laws does not impact diversity jurisdiction. *Lathem v. State Farm Mut. Auto. Ins. Co.*, 339 F.Supp.2d 767, 770 (S.D.Miss. 2004), citing *Southern Motor Express Co. v. Magee Truck Lines*, 181 Miss. 223, 177 So. 653, 653 (1937) (holding that a domesticated

foreign corporation remains a "resident of the state of its original incorporation" for jurisdictional purposes). Therefore, Plaintiff's Motion to Remand will be denied.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Plaintiff's Motion to Remand [7] is **DENIED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that, pursuant to Rule 16.1 (B)(2)(b) of the RULES OF THE UNITED STATES DISTRICT COURTS FOR THE NORTHERN DISTRICT OF MISSISSIPPI AND THE SOUTHERN DISTRICT OF MISSISSIPPI, the parties shall promptly notify the magistrate judge of this order and shall promptly submit an order lifting the stay entered in this matter on January 4, 2007.

**SO ORDERED AND ADJUDGED** this the 21th day of March, 2007.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE